IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAIT LLESHI,

    Petitioner,

    v.                                                     Case No. 1:26-cv-00032 KWR-SCY

MARY DE ANDA-YBARRA, *Field Office Director of El Paso,*
*Immigration and Customs Enforcement,*
KRISTI NOEM*, Secretary of the U.S. Department*
*of Homeland Security, and*
PAMELA BONDI, *Attorney General of the United States*,

    Respondents.

### **ORDER TO RESPOND**

THIS MATTER comes before the Court on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5). Petitioner filed this § 2241 habeas petition challenging his immigration detention. He asserted that he was improperly mandatorily detained under § 1225, and he should be released under the discretionary detention provisions of § 1226(a) or granted a bond hearing.

He subsequently filed a motion for a temporary restraining order or preliminary injunction, asserting that while he is detained by ICE at Cibola County Correctional Center (1) heat is intermittently on and off, and (2) Respondents have not or are unable to guarantee his food is free of pork, violating his religious liberty rights. These claims do not appear related to those asserted in his Petition or related to his original habeas claims. Rather, these appear to be conditions of confinement claims.

Conditions of confinement claims against local officials are challenged in a § 1983 case, not a habeas case. *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Against federal

officials, conditions of confinement claims are generally brought in *Bivens* actions. The Tenth Circuit has explained as follows:

> "Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement...." *Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir.2000). This court has "endorsed this distinction." *Id.* In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. *McIntosh,* 115 F.3d at 812. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action. *Id.; see also Standifer,* 653 F.3d at 1280 ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement ... must do so through civil rights lawsuits ... not through federal habeas proceedings.").

*Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).  However, Petitioner requests release based on the alleged conditions of confinement. Therefore, the requested relief in this motion may or may not be appropriate in a habeas action.  In addition to responding to the Motion, Respondents should brief whether the issues raised in the TRO are properly asserted in this case.

**IT IS THEREFORE ORDERED** that the Respondents shall respond to the Motion (Doc. 5) within **fourteen (14) days** of the entry of this order.  Petitioner shall reply within **fourteen (14) days** of the filing of the response. Petitioner shall serve this order on Respondents, and the Clerk's office shall provide a courtesy copy of this Order to the Federal Respondents at USANM.Civil.Immigration@usdoj.gov

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE