# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SAIT LLESHI,

      Petitioner,

      v.                                   Case No. 1:26-cv-00032-KWR-SCY

KRISTI NOEM, *in her capacity as*
*Secretary for the United States Department of Homeland Security*,
MARY DE ANDA-YBARRA, *Field Office Director of*
*El Paso, Immigration and Customs Enforcement, in her official capacity*,
and PAMELA BONDI, *in her official capacity as*
*the Attorney General of the United States*,

      Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Petitioner's Motion to Enforce the Court's Judgment (**Doc. 16**). Having reviewed the briefing, exhibits, and the relevant law, the Court finds that the IJ complied with the Order. The Court lacks subject-matter jurisdiction over the remaining arguments presented in the motion. Accordingly, Petitioner's request for relief will be denied.

## BACKGROUND

On February 12, 2026, this Court ordered Respondents to hold an individualized bond hearing for Petitioner pursuant to 8 U.S.C. § 1226(a). Doc. 12 (Memorandum Opinion and Order); Doc. 13 (Judgment). The Order prohibited Respondents from denying bond because Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). Doc. 12. On February 23, the parties filed a joint status report. Doc. 15. The parties stated that Petitioner received a bond hearing on February 13, where the immigration judge ("IJ") denied bond because Petitioner failed to meet

his burden that he was not a flight risk. *Id.* Petitioner alerted the Court that he did not believe that the hearing was individualized and intended to file a motion to enforce. *Id.*

On February 24, Petitioner filed the instant motion. Doc. 16 Petitioner asserts that the IJ did not comply with the Court's Order because the hearing was not individualized and violated his right to due process. Doc. 16-1 at 1.  Notably, Petitioner contends that (1) the IJ ignored the factual record, (2) the IJ found Petitioner to be a "recent" arrival despite his 14-month presence, and (3) structural changes within the agency have stripped the IJ of judicial independence. For these reasons, Petitioner requests that the Court order his immediate release.[1]

According to Respondents, the Court lacks subject-matter jurisdiction over the motion because Petitioner asks the Court to review a discretionary decision under § 1226. Doc. 19 at 1–2. Respondents further assert that the Court should decline to hear the motion because Petitioner has failed to exhaust administrative remedies. *Id.* at 2.

---

[1] Petitioner also argues that the Court should rule on the "briefed" issue that the lack of warrant and pre-deprivation hearing violated his right to due process, warranting his immediate release. Doc. 16-1 at 6–7. After re-reviewing the Petition, the Court declines to reconsider its prior ruling that a bond hearing, rather than release, was the appropriate remedy.

Petitioner bore the burden of proof of showing that he was entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *see also Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (stating that "[t]he burden of proof was upon the petitioner to sustain these allegations" in § 2241 proceeding). In the Petition, Petitioner did not argue or demonstrate that any due process or constitutional violation *required* his release. *See* Pet. ¶¶ 76–80, 83–84. He did not cite to any standard or law that the Court should apply in deciding whether a due process violation required his release, such as the *Mathews v. Eldridge* test. Accordingly, the Court declined—and continues to decline—to analyze whether his constitutional claim required his release over a bond hearing, as this issue was not properly argued or presented to the Court. The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court was to act as Petitioner's counsel and make arguments or do research on his behalf, it would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not properly placed before the Court the issue of whether he must be immediately released, or he has not carried his burden.

**DISCUSSION**

The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an IJ's "discretionary and factual determinations." *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006) (quoting *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006)). Under § 1226(e), "No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

Accordingly, the Court has jurisdiction over the narrow issues of whether the hearing complied with the Order and whether the judge was biased in violation of Petitioner's due process right to a neutral decisionmaker. But the Court may not review whether the IJ failed to appropriately consider the evidence and factors relevant to determining that Petitioner is a flight risk, even if Petitioner recasts them as constitutional issues. *See Tobar*, 200 F. App'x at 799.

First, the Court finds that the IJ held an individualized hearing in compliance with the Order. As an initial matter, the Court did not require that the Government bear the burden of proof at the hearing. In his Petition, Petitioner did not argue or explain why the Court should shift the burden to Respondents on the issues of flight and dangerousness at the bond hearing, *see* Pet. at 26–29, and the Court did not *sua sponte* raise the issue. Therefore, the IJ did not defy the Court's

Order by not requiring the Government to prove Petitioner was a flight risk by clear and convincing evidence. Next, after reviewing the briefing and exhibits, including the IJ's written decision (Doc. 18-1), the Court finds that the hearing was sufficiently individualized. The IJ considered the record and Petitioner's personal characteristics and weighed the evidence. *See* Doc. 16-1 at 17; Doc. 18-1. And Petitioner does not dispute that the IJ reviewed and pointed to certain facts, and reached a determination based on those facts. Instead, Petitioner's argument challenges the IJ's characterization of the facts, such as the "barebones" asylum application and his "recent" arrival. Doc. 16-1 at 11, 17. Petitioner's claim depends on the assertion that the IJ abused his discretion by improperly weighing Plaintiff's asylum application, the evidence Petitioner presented, and Petitioner's 14-month presence in the United States. This assertion is an argument challenging a discretionary determination that the Court may not review,[2] and it must be addressed through the standard appellate procedure.

Next, the Court finds that Petitioner has not demonstrated that his right to due process was violated. In his motion, Petitioner asserts that recent changes in agency staffing, policy, and practice denied Petitioner the right to a fair hearing before a neutral decisionmaker. Doc. 16-1 at 12–17, 21–23. Yet, Petitioner fails to connect his accusations of the widespread degradation of IJ neutrality and fair hearings to New Mexico immigration courts, the IJ at issue here, or Petitioner's hearing. *See* Doc. 16-6 (collecting declarations from immigration attorneys on immigration courts, IJs, and proceedings unrelated to Petitioner's hearing). Beyond the discretionary challenges discussed above, Petitioner does not point to any other grounds for violation of his due process at

---

[2] For the same reason, the Court will not review Petitioner's assertions that the IJ failed to consider alternatives to detention and the IJ's decision was contrary to previous BIA decisions. *See* Doc. 16-1 at 19.

his hearing. Thus, Petitioner has not alleged a colorable constitutional claim. *See Tobar*, 200 F. App'x at 800.

## CONCLUSION

In sum, the Court finds that the IJ complied with the Order, and § 1226(e) strips the Court of subject-matter jurisdiction to consider Petitioner's remaining arguments challenging the IJ's discretionary decision to deny bond. Therefore, Petitioner's Motion to Enforce (**Doc. 16**) is **DENIED**. To the extent that the Court lacks jurisdiction, the Motion is **DISMISSED**.

**IT IS SO ORDERED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE